[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12604
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60158-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH DIGRISTINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2016)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Joseph Digristine, proceeding with counsel, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

## I.  BACKGROUND

In 2008, Defendant pleaded guilty to conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  Following his guilty plea, the probation officer prepared a Presentence Investigation Report ("PSR").  The PSR indicated that Defendant was a career offender under U.S.S.G. § 4B1.1 because he had two prior convictions for crimes of violence.  Because the statutory maximum for Defendant's present offense was 25 years or more, Defendant's career offender status resulted in a base offense level of 34. Defendant received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), which resulted in a total offense level of 31.

Based on both his lengthy criminal history and his career offender status, the PSR assigned Defendant a criminal history category of VI.  With a total offense

level of 31 and a criminal history category of VI, the PSR calculated Defendant's guideline range as 188 to 235 months' imprisonment.[1]

Defendant did not file any objections to the PSR. At the sentencing hearing, Defendant explained that he was a career offender due to a 1991 conviction for attempted capital sexual battery—an offense that occurred when he was sixteen years old. Absent the career offender designation, his guideline range would have been 92 to 115 months. He asked that the district court disregard his career offender status and vary below the guideline range to 92 months' imprisonment. The Government agreed that a below-guidelines sentence was appropriate in this case. After considering the 18 U.S.C. § 3553(a) factors, the district court determined that a sentence below the guideline range was appropriate and sentenced Defendant to 108 months' imprisonment. Defendant did not file a direct appeal.

In March 2015, Defendant filed a counseled motion for a reduction in sentence pursuant to § 3582(c)(2) and Amendment 782. Though acknowledging that he was considered a career offender, Defendant argued that he was eligible for a sentence reduction because the district court had varied downward and based Defendant's sentence on the guideline range that would have applied absent his career offender designation. He also noted that he might not have qualified as a

---

[1] Without the career offender designation, the PSR indicated that Defendant's base offense level would have been 26, pursuant to U.S.S.G. § 2D1.1.

career offender in light of recent Supreme Court and Eleventh Circuit precedent. The district court denied Defendant's motion, concluding that, because Defendant was sentenced as a career offender, he was ineligible for a sentence reduction.

Defendant now appeals from that decision, arguing that he was eligible for a sentence reduction pursuant to Amendment 782. In particular, he asserts that he is not a career offender because recent Supreme Court and Eleventh Circuit precedent dictate that his predicate offenses are not crimes of violence. Additionally, Defendant argues that the district court erred by concluding that it lacked authority to reduce his sentence on the basis that he was sentenced as a career offender. Because he received a sentence below the guideline range, he contends that he was sentenced, at least in part, on the sentencing range set forth in U.S.S.G. § 2D1.1.

## II.  DISCUSSION

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. §1B1.10(a)(1). A defendant is not eligible for a

4

sentence reduction if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)).

Amendment 782 reduced the base offense level for most drug offenses by two levels. *See id.* § 1B1.10(d); U.S.S.G. App. C., Amend. 782 (2014). Amendment 782 did not make any changes to U.S.S.G. § 4B1.1, the career offender guideline. *See* U.S.S.G. App. C., Amend. 782.

When a defendant is sentenced as a career offender, his base offense level is determined under § 4B1.1, not under the Drug Quantity Table set forth in § 2D1.1(c). U.S.S.G. § 4B1.1; *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008). In *Moore*, we considered whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which lowered the § 2D1.1(c) base offense levels for certain quantities of crack cocaine. 541 F.3d at 1325. We held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their applicable guideline ranges, which had been calculated under § 4B1.1. *Id.* at 1327–28, 1330; *see also United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012) (concluding that *Moore* remained binding precedent and that Amendment 750 did not lower the guideline range for career offenders).

5

Here, the district court did not err when it concluded that Defendant was not eligible for a sentence reduction.  Defendant's total offense level and applicable guideline range were not based on the drug quantity offense levels in § 2D1.1, but instead were based on the career offender level in § 4B1.1.  The downward variance Defendant received does not change the fact that his applicable guideline range was based on the career offender guideline.  Indeed, the commentary to § 1B1.10 defines "applicable guideline range" as the guideline range based on the offense level and criminal history category calculated before consideration of any variance.  *See* U.S.S.G. § 1B1.10, comment. (n.1(A)).  Because Defendant's guideline range was not based on the drug quantity guidelines, Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1327–30.  Section 3582(c)(2) therefore does not authorize a reduction in sentence.

Although Defendant also challenges the validity of his career offender designation, his arguments on this point are outside the scope of a § 3582(c)(2) proceeding.  *See United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000) (stating that in a § 3582(c)(2) proceeding "only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." (quotation omitted)); *see also Dillon v. United States*, 560 U.S. 817,

6

831 (2010) (holding that the alleged sentencing errors that the Defendant sought to correct were not affected by the applicable guideline amendment and were therefore outside the scope of the § 3582(c)(2) proceedings).  Accordingly, the district court committed no error in concluding that Defendant was ineligible for a sentence reduction under § 3582(c)(2) and Amendment 782.

   **AFFIRMED**.